STATE OF MAINE                                    SUPERIOR COURT
LINCOLN, SS.                                       Docket No. CV 95-07,
                                                            CV 95-75

DONALD L. G........ of
LAW LIB....

                            FCM-LIN - 618/2000

Michael Brewer,                    )        JUN 13 2000
          Plaintiff,               )
                                   )
                                   )
                                   )
          v.                       )    **ORDER ON MOTIONS TO DISMISS**
                                   )
                                   )
Dennis Hagemann,                   )
Schuyler Steele,                   )
          Defendants.              )


     Although these two cases are separate, they involve the same underlying claim of lawyer malpractice. In large part the law applicable to them is the same even though Mr. Hagemann was trial counsel and Mr Steele represented Mr. Brewer at sentencing and on appeal. The claims arise out of an attorney client relationship generated by the Plaintiff's involvement with the criminal law in which each counsel was paid by the State.

     The underlying facts are fully stated in State v. Brewer, 699 A.2d 1139 (Me. 1997). There the Court affirmed the conviction of Michael Brewer for attempted murder, aggravated assault and terrorizing. That same opinion noted the failures of both Mr. Hagemann and Mr. Steele.

     With regard to Mr. Hagemann the Court found that he had failed to conduct a proper pretrial investigation of certain witnesses and also that he failed to obtain a copy of what Mr. Brewer felt were exculpatory police notes. The Law Court rejected both notions and, as well, found that counsel's action respecting a Motion to Sever was not grounds for reversal. Mr. Brewer also argued, unavailingly, that counsel failed to call Lisa Plummer who was a key witness in his view.

     The Court found that counsel's decision respecting her was not a

failure to provide adequate assistance because she was of questionable value and the primary thrust of her testimony was established through other witnesses. Finally, Mr. Brewer claimed counsel erred in his closing argument, the Court found he did, and also that there was evidence of police perjury which could have produced a different result.

Notwithstanding its findings, the Law Court concluded that reversal was not in order. It affirmed the convictions.

With regard to Mr. Steele, the Court found that he did fail to file a timely notice of appeal and was negligent in having failed to do so. The Law Court corrected that error by finding in Plaintiff's favor on Mr. Brewer's Post Conviction case. It allowed the appeal which it then went on to deny.

Thus the uncontroverted findings are that each counsel was negligent. However, the negligence found did not deprive Mr. Brewer of a fair trial in the Court's view which meant that the negligence was not sufficient to generate reversal or, more importantly, acquittal. As noted, both counsel in the criminal case were court appointed.

Because Mr. Brewer made more than $10,000.00 a year during his years in prison, according to his present lawyer, he ceased being indigent. He hired his present lawyer to represent him on his pending civil claims.

Each complaint is in six counts. Count 1 is for professional malpractice. Count 2 is for negligent infliction of emotional distress while Count 3 is for intentional infliction of emotional distress.

Count 4 sounds in contract as to which Mr. Kirchner says: ". . . the duty by which potential liability is measured is tort-based. In a professional negligence action, a duty arises only out of contract, which is sometimes express and sometimes implied, but in either event merely gives rise to duty in tort." No authority is cited for that proposition. Mr. Kirchner suggested that Pen CV 91-64 (Kravchuk, J.) was relevant but that case was decided on the issue of the absence of an expert witness which is irrelevant here.

Count 5 sounds in fraud and count 6 deals with claims alleged to have arisen under 42 USCA § 1983.

Notwithstanding Plaintiff's argument that Mr. Brewer does not have to prove that he was not guilty of the crimes with which he was charged, this Court accepts the position argued by Mr. Kirchner and Mr. McVeigh that unless a conviction is reversed and a defendant acquitted, there are no bases for recovery in negligence and certainly not in intentional tort or fraud. Both Plaintiff and Defendants rely on Fleming v. Gardner, 658 A..2d 1074 (Me. 1995) to support their position.

"To prevail at trial on his present claim for legal malpractice, Fleming would have the burden to establish by a preponderance of the evidence that the Gardeners' negligent representation of him proximately caused his present incarceration for which he claims resultant damages." *Id at 1077.* As with the Plaintiff here, any emotional distress resulting from imprisonment resulted, not from any professional negligence, but from the wrong found to have been done which resulted in the criminal charges, confinement and conviction.

Plaintiff contends that Fleming, *id*, gave "the Law Court . . . an opportunity to espouse a public policy such as defendant suggests and yet chose not to do so". (Plaintiff's brief, page 3.) That argument is designed to thwart Defendant's claim respecting "the general rule";  see defendant's brief, page 3.

The argument of the Plaintiff is not persuasive. This Court adopts the Defendants' arguments in all regards save one. It is clear that the Plaintiff was required to expend funds to obtain his right of appeal. Although attorney fees were paid by the State, the Defendant Steele cannot profit from that fact, that is that there was a third party beneficiary contract created. There was a contract between Mr. Steele and the Plaintiff which was breached. That led to his need for legal services to obtain a right which the law provides to all convicted persons. When queried about this issue Mr. Kirchner relied upon his theory as noted above.

In Burton v. Merrill, 612 A.2d 862 (Me. 1992) Plaintiff brought a multi-count complaint. "The trial court dismissed Burton's claims of breach

4

of contract and loss of consortium and later directed a verdict . . . on Burton's claim that the defendant was negligent in failing to file the counterclaim" *Id, at 864.* A verdict was returned on the malpractice count which included lost sums for building material and labor. The Law Court, Clifford, J., said: "[T]he court's instruction on damages sufficiently informed the jury on the law of damages, and made clear that Burton could be awarded damages only if the jury found Merrill's conduct harmed Burton and then only to the extent that Burton was harmed. . . . Because we affirm the judgment in Burton's favor, we need not address the contentions raised by Burton in his cross appeal." *Id at page* 866. While not express on the issue there is support for the notion that contract damages can be found in either negligence or contract. That is consistent with Hoit v. Hall, 661 A..2d 669, 673 (Me. 1995) holds "[T]he measure of damages is the amount the client would have recovered but for the attorney's negligence". In the Steele case it is the damage for breach of contract which survives the motion and allows recovery for the sums spent on obtaining the right of appeal. No other element of damage survives the motion.

Stated otherwise, any emotional distress resulting from the breach of contract falls within the scope of the proscription preventing recovery for damages flowing from incarceration for the criminal conviction. This Court agrees with Mr. Kirchner that the "general rule" is the law of Maine. But the right of appeal required legal action because of Mr. Steele's negligence or breach of contract. Mr. Brewer is entitled to recover the amount he spent to obtain that right in his contract action because there was a breach which caused damage.

For all of the foregoing reasons, the Order will be: In CV 95-07 (Brewer v. Hagemann) the Motion to Dismiss is GRANTED as to all counts and the case is dismissed. In CV 95- 75 (Brewer v. Steele) the Motion to Dismiss is GRANTED as to Counts I, II, III, V and VI. As to Count IV the Motion to Dismiss is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).
Dated: June 8, 2000

_____
JUSTICE, SUPERIOR COURT
FRANCIS C. MARSANO

ltff: Richard W. Elliott, II, Esquire
ef. (CV-95-07): John P. McVeigh, Esquire
ef. (CV-95-75): Theodore H. Kirchner, Esquire